UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANGEL SAMUEL PEREZ BAC,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 1:26-cv-07633-KES-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

(A Number: A-222-573-899)

(Doc. 1)

**7-Day Objection Period**

Petitioner Angel Samuel Perez Bac ("Petitioner"), a federal immigration detainee proceeding by counsel, initiated this action on September 20, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the Central Valley Annex. (Doc. 1). Respondents timely answered the petition on October 6, 2026 (Doc. 11), and Petitioner filed a reply (Doc. 12).

The relevant facts are not disputed. Petitioner is a native and citizen of Guatemala who attempted to enter the United States on or about March 13, 2023, but voluntarily returned to Mexico when encountered by immigration authorities. Sometime thereafter, Petitioner re-entered the United States at an unknown location and was later encountered by immigration authorities on August 25, 2026, in Paterson, New Jersey. He was arrested pursuant to a Form I-200 warrant (Doc. 11-2) and issued a Form I-862 notice to appear charging him as removable (Doc. 11-3). Both the

warrant and the NTA were signed and served on the date of Petitioner's arrest (August 25, 2025).

Approximately nine days afterwards, while still in New Jeresy, immigration authorities issued Petitioner a Form I-286 notice of custody determination that Petitioner signed. (Doc. 11-4). On that form, dated September 3, 2026, Petitioner indicated that he requested a custody determination before an immigration judge. *Id*. Respondents acknowledge that Petitioner seeks a bond hearing and represent that "the Immigration Courts are currently [as of the date of Respondent's answer, October 6, 2026] working to schedule that hearing." (Doc. 11 at 3).

Petitioner alleges that his detention violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and that he is entitled to immediate release (and requests, in the alternative, the Court order the government to facilitate his bond hearing). In support of his claims, Petitioner points out that the Form I-286 custody determination provided him with "no individualized explanation for denying release." (Doc. 12 at 1). But Petitioner cites no authority for the proposition that the Form I-286 must be annotated with a narrative explanation of the basis for detention. The arresting officer documented in a Form I-213 contemporaneously with the arrest that Petitioner had been encountered previously by immigration authorities at which time he voluntarily departed but, notwithstanding, unlawfully returned to the United States, and at the time of his current arrest, was intoxicated and spitting on people. That is enough for the undersigned to conclude that the arrest was not arbitrary or punitive. *See Kekelia v. Blanche*, No. 5:26-cv-02879-KES, 2026 WL 2365089, *7 (C.D. Cal. Aug. 14, 2026) (relying on details memorialized in a Form I-213 to reject the petitioner's argument "that his detention serves no purpose or is punitive"). Separately, Petitioner complains that the custody determination form was not signed and presented to Petitioner until nine days after his arrest. But, again, Petitioner cites no authority for the proposition that this reflects unconstitutional delay or that he is entitled to relief because of any such delay. The governing regulations provide for a 48-hour deadline to make a custody determination only in the case of a warrantless arrest. *See* 8 C.F.R. § 287.3(d).

Even if these arrest documentation issues were shown to have been contrary to regulations governing Petitioner's arrest, he has not shown that immediate release is an available or the appropriate remedy for such discrepancies: "if sufficient ground for [a habeas petitioner's]

detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Papikyan v. Semaia*, No. EDCV 26-1824-SB (AS), 2026 WL 1455139, at *1 (C.D. Cal. May 22, 2026) (quoting *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)).

Petitioner argues that he has an underlying liberty interest in being free from detention given his approximately four years of residency in the United States, maintenance of a probationary driver's license identifying his actual address, and lack of criminal history. Even accepting that Petitioner has such a liberty interest protectible under the Due Process Clause of the Fifth Amendment to the U.S. Constitution, any purported violation of that right does not mandate a grant of the principal relief he seeks – immediate release from custody. Instead, having considered the three-factor test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the undersigned concludes that Petitioner is entitled to a post-deprivation bond hearing. First, unlike many of the cases cited in the petition and in Petitioner's reply brief where a court ordered the immediate release of a habeas petitioner, here, Petitioner never was previously encountered by immigration authorities and released following an assessment by the government that he was neither a flight risk or a danger. Second, in many of those same cases, the government maintained that the petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(a) and entitled to no custody redetermination. Third, Petitioner has been detained for approximately two months – some of which time was consumed by Petitioner's transfer from New Jersey to California – and is pending a bond hearing before an immigration judge. Although there has been unexplained delay in connection with scheduling that hearing, Petitioner has not demonstrated that this discrete delay violates due process.

Petitioner unquestionably is entitled to a post-deprivation bond hearing under *Mathews* based on the totality of the facts and circumstances described herein.

**<u>Conclusion and Recommendation</u>**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to provide Petitioner with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven (7)

days of the date of this order, at which Petitioner's eligibility for bond must be considered by a neutral decisionmaker such that continuing physical custody is legally justified.

3. Respondents be ORDERED to immediately provide Petitioner with a copy of this Order and provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and Respondents may extend the deadline at Petitioner's request so that he can obtain an attorney. If Petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider Petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.
4. Respondents be ORDERED to release Petitioner if they do not provide him with a bond hearing within seven (7) days.
5. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28

U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 22, 2026**

UNITED STATES MAGISTRATE JUDGE